# United States Court of Appeals for the Fifth Circuit

---

No. 24-30736
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

August 15, 2025

Lyle W. Cayce
Clerk

Kayla D. Loyd,

*Plaintiff—Appellant*,

*versus*

City of Ruston,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:22-CV-5809

---

Before Jones, Dennis, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Kayla Loyd, a Road Patrol officer with the Ruston Police Department ("RPD"), sued the City of Ruston and others alleging that Chief of Police Steven J. Rogers unfairly denied Loyd's transfer requests to RPD's Criminal Investigation Division ("CID") on account of her

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

gender, in violation of Title VII of the Civil Rights Act of 1964.[1] Following trial, a jury returned a unanimous verdict in the City of Ruston's favor, finding that the "decision not to transfer [Loyd] to the [CID] was" not "an adverse employment action." On appeal, Loyd challenges the sufficiency of the evidence supporting the jury's verdict.

Loyd concedes that she did not preserve her sufficiency of the evidence challenge because she filed neither a pre-verdict Rule 50(a) motion nor a post-verdict Rule 50(b) motion on this basis. *See NewCSI, Inc. v. Staffing 360 Sols., Inc.*, 865 F.3d 251, 257 n.4 (5th Cir. 2017). "We review an unpreserved challenge to the sufficiency of the evidence for plain error and will not reverse if '*any* evidence supports the jury verdict.'" *Id.* at 257 (quoting *United States ex rel. Wallace v. Flintco Inc.*, 143 F.3d 955, 960 (5th Cir. 1998) (emphasis in original)). Accordingly, if the City presented *any* evidence supporting the jury's finding, "we will decline to upset the verdict." *Sharp v. City of Houston*, 164 F.3d 923, 932 (5th Cir. 1999) (citation omitted).

The denial of Loyd's transfer requests to the CID were not adverse employment actions unless "the [CID] position [Loyd] sought was objectively better" than the Road Patrol position she held. *Alvarado v. Tex. Rangers*, 492 F.3d 605, 614 (5th Cir. 2007). Several factors are relevant in determining whether a position is "objectively better," including whether it "entails an increase in compensation or other tangible benefits; provides greater responsibility or better job duties; provides greater opportunities for career advancement; requires greater skill, education, or experience; is

---

[1] Loyd brought additional claims alleging disparate treatment, hostile work environment, and retaliation against Chief Rogers and Deputy Chief Henry R. Wood. These claims were dismissed with prejudice on summary judgment, which Loyd does not challenge on appeal.

obtained through a complex competitive selection process; or is otherwise objectively more prestigious." *Id.* The jury instructions, which Loyd does not challenge, reflected this standard.

Here, there is ample evidence from which the jury could conclude that a CID position was not objectively better than Loyd's position as a Road Patrol officer. First, the City presented evidence that the CID position was inferior in terms of compensation and tangible benefits. Chief Rogers testified that the CID position came with no pay raise, and that CID officers lost access to lucrative overtime opportunities often available to Road Patrol officers. While CID officers received department-issued phones, Officer Arthur Elam described the phones as a "headache" because "people have 24-hour access to you seven days a week." Moreover, while CID officers received a $600 clothing allowance, Road Patrol officers had year-round, unlimited access to uniforms and equipment. Second, the City presented evidence that the CID position did not entail greater responsibility or benefits. Chief Rogers testified that CID officers worked less independently than Road Patrol officers, staying in the office under close supervision, while Deputy Chief Wood described CID officers' working hours as less flexible. Third, evidence suggested that the CID position did not offer clear career advantages: officers from all departments could eat lunch with Chief Rogers, and CID officers had minimal exposure to federal agencies. Fourth, Chief Rogers testified that the department did not require additional education, a written application, or a test to transfer to the CID. Finally, the CID position came with no rank change and, according to Officer Chris Davis, was not more prestigious than the Road Patrol position.

In sum, the City offered evidence highlighting the lack of advantage and, in some cases, disadvantage in the CID transfer compared to Loyd's position as a Road Patrol officer. This supports the jury's determination that Loyd did not suffer an adverse employment action. We AFFIRM.